

**HONIK**

LLC

*Via ECF*                                                                    **March 21, 2023**

Hon. Katherine Polk Failla
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re: *In re: Chantix (Varenicline) Marketing, Sales Practices and Products
Liability Litigation (No. II)*, 22-MD-3050 (KPF), 22-mc-3050 (KPF) (S.D.N.Y.)

Dear Judge Failla:

We are Temporary Plaintiffs' Counsel in the above-captioned action (the "Action"), and we write in response to Your Honor's Order No. 1. We write on behalf of all consolidated Plaintiffs to request leave to file a single consolidated Master Complaint.

We are pleased to report that all current consolidated Plaintiffs in this MDL have self-coordinated among themselves. All are in agreement that a single consolidated Master Complaint, inclusive of all current Plaintiffs and their respective class claims, would be the most efficient means to proceed in this matter. Temporary Plaintiffs' Counsel have preliminarily conferred with Defendant Pfizer Inc.'s counsel about this subject. Conceptually, they do not disagree that a single consolidated Master Complaint presents many efficiencies, although of course they reserve all rights pending their review of Plaintiffs' proposed Master Complaint.

Plaintiffs note that Order No. 1 contemplates one agenda item for the upcoming April 7 hearing should be whether "a single consolidated complaint (or multiple consolidate complaints) can or should be filed in this action." *See* Order No. 1 at Part VII.B(4). Plaintiffs believe it would be most productive for the parties and the Court to have a copy of a proposed Master Complaint in front of them for the April 7 hearing to guide discussions on this topic. Therefore, Plaintiffs respectfully seek permission to file a motion for leave to file their proposed Master Complaint, attaching a copy of same, prior to the upcoming April 7 hearing. *Cf.* Order No. 1 at Part X (no Rule 11, Rule 12, Rule 37, or Rule 56 motions shall be filed without the Court's approval). Plaintiffs would be prepared to file their letter motion for leave as early as Friday, March 24, 2023.

The parties also have discussed how the deadline to file a responsive pleading could be set sooner if Plaintiffs provide Pfizer with a copy their proposed Master Complaint, either as an attachment to a motion to leave or as part of an informal preview. The parties would no longer have to wait until the April 7 hearing before they even begin to discuss a master complaint and responsive pleading briefing schedule. In other words, the likely Rule 12 briefing cycle could begin and be concluded sooner, and this overall MDL could proceed quicker, if Plaintiffs are

allowed to formally (by attaching it to a motion for leave) or informally disclosing their proposed Master Complaint to Pfizer now.

Plaintiffs are mindful that the Court has yet to appoint plaintiff-side leadership, as our public and *in camera* proposals for appointments were submitted recently on March 24 per Order No. 1. To avoid any procedural hitch, we would suggest that, were permission given to file a motion for leave, any ruling on that motion be abated until after leadership appointments. Additionally, in conferral with defense counsel, Plaintiffs envision the proposed Master Complaint would supersede all existing complaints.

For these reasons, Temporary Plaintiffs' Counsel, on behalf of all current Plaintiffs, respectfully request that they be given permission to file a motion for leave to file a proposed Master Complaint.

Respectfully,

Ruben Honik
**Honik LLC**
1515 Market Street, Suite 1100
Philadelphia, PA 19102
Tel: 267-435-1300
ruben@honiklaw.com

*Temporary Lead Counsel for Plaintiffs*

cc:     All Counsel of Record (via ECF)