UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>CHANTIX (VARENICLINE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION (NO. II)<br><br>*This Document Relates to All Actions* | 22-MD-3050 (KPF)<br><br>22-MC-3050 (KPF) |

## ORDER

Having considered the public and under-seal submissions of Temporary Lead Counsel for Plaintiffs of March 17, 2023, Plaintiffs' revised position as stated in the parties' joint letter of March 31, 2023, the colloquy at the initial case management conference of April 7, 2023, and Temporary Lead Counsel for Plaintiffs' revised proposal of April 21, 2023, and good cause appearing therefore, the Court ORDERS as follows:

1. Plaintiffs' Letter Request for Appointment of Interim Lead and Liaison Counsel is GRANTED;

2. Pursuant to Federal Rule of Civil Procedure 23(g), this Court appoints Ruben Honik of Honik LLC ("Honik"), Jorge Mestre of Rivero Mestre LLP ("Rivero Mestre"), and Charles E. Schaffer of Levin Sedran & Berman ("Levin Sedran") for the proposed classes, and Joseph Guglielmo of Scott+Scott Attorneys at Law LLP ("Scott+Scott") as Liaison Counsel.

3. Rivero Mestre, Levin Sedran, and Honik shall:

    (a) determine and present in briefs, oral argument, or in other such fashion as may be appropriate (personally, through a designee, or through other counsel for Plaintiffs acting as a fiduciary and/or class counsel for any subclasses) to the Court and Defendant, the position of Plaintiffs on all matters arising during pretrial proceedings;

(b) attend (personally, through a designee, or through other Plaintiffs' counsel acting as a fiduciary for any subclasses) status conferences, oral arguments, or other conferences scheduled by the Court relating to the Consolidated Action;

(c) propose to the Court, after consultation with Plaintiffs, other Plaintiffs' counsel to act as fiduciaries and represent, as necessary, the separate claims and/or interests of any subclasses pursuant to Federal Rule of Civil Procedure 23;

(d) coordinate the initiation and conduct of discovery on behalf of Plaintiffs consistent with the requirements of Federal Rule of Civil Procedure 26, including the preparation of all party and non-party discovery, responses to all discovery and examination of witnesses, and ensure that discovery is conducted in an efficient, orderly, and non-duplicative manner;

(e) conduct and coordinate, after consultation with any appointed fiduciaries or subclass counsel, all settlement discussions and negotiations on behalf of Plaintiffs;

(f) create, as necessary, committees of Plaintiffs' counsel, including but not limited to, pleadings, briefing, expert, discovery and settlement, with specific roles and tasks to be assigned;

(g) enter into stipulations with counsel for the Defendant and non-parties, as necessary, for the conduct of the litigation;

(h) prepare and distribute periodic status reports to Plaintiffs' counsel and the Court, as needed;

      (i)    request, collect, maintain, and report contemporaneous and accurate time and disbursement records covering services for all of Plaintiffs' counsel and distribute such reports to Plaintiffs' counsel;

      (j)    monitor the activities of all of Plaintiffs' counsel to ensure that all schedules are met and unnecessary expenditures of time and funds are avoided; and

      (k)    perform such other duties as may be incidental to the proper coordination of the Plaintiffs' pretrial activities or as authorized by further order of the Court.

4. Scott+Scott shall:

(a) Serve as liaison for communications with the Court and the Defendant (or Defendants' counsel);

(b) Participate in discussions with Interim Co-Lead Counsel regarding the conduct of the litigation as described in the preceding paragraph; and

(c) Complete all pretrial litigation and trial work assigned by Interim Co-Lead Counsel.

The Court invited submissions from interested parties seeking to be appointed as Plaintiffs' counsel in this case, and required any oppositions to be filed by April 28, 2023. (22-MD-3050, Dkt. #30). Having received no such oppositions, the Court endorses the above leadership structure and appoints the above-named firms and individuals. The Court will not review time and expense submissions on a semi-annual or quarterly basis. Instead, the Court expects that Plaintiffs' counsel will efficiently and productively work together on this case, and will not duplicate each other's work. Counsel is warned that the Court will carefully scrutinize any fee-related motions.

Dated:    May 1, 2023  
             New York, New York

SO ORDERED.

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA  
UNITED STATES DISTRICT JUDGE